Herbert D. Hamm, J.
This is a tax certiorari proceeding to cancel as exempt from taxation the tax assessment made by the City of Albany, New York, for the taxable year 1959 on the parcel of property owned by the petitioner New York State Teachers’ Retirement System and known as 143 Washington Avenue, Albany.
An office building is in process of construction at 143 Washington Avenue for the transaction of the petitioner’s business and for lease to the State of the portion not required for its business.
At the time the property was acquired and at the time the assessment was made, subdivision 8 of section 508 of the Education Law provided:
*748 “The retirement system may use a part of its funds, not exceeding five per centum of its net assets, (1) for purchasing or leasing of land in the city of Albany and the construction thereon of a suitable office building or buildings for the transaction of the business of the retirement system and (2) for purchasing or leasing of land in the city of Albany and the construction thereon of a suitable office building or buildings for purposes of lease or sale to the state.
“ The retirement system from time to time may lease to any public agency any portion of a building constructed for the transaction of its business which may not be required for such purpose, upon such terms and conditions as shall be deemed to be for the best interest of the retirement system.
“Beal property of the retirement system acquired or constructed pursuant to this subdivision shall be exempted from taxation. ’ ’
It has been stipulated that the limitation of ‘ ‘ five per centum ’ ’ has not been exceeded.
It was within the power and discretion of the Legislature to grant to the petitioner the function and purpose contained in the statute quoted and the legislation was not a local law in violation of section 17 of article III of the Constitution of the State of New York.
However, the respondents have raised the defense “ that the premises described in the said petition are not and have not been used or are being used for any of the purposes for which the New York State Teachers’ Betirement System was organized but on the contrary is leased to a tenant as a parking lot for which it receives rent and profit and the alleged tenant, a private person and not an officer or agency for any department of the State of New York, operates a public parking lot for which said tenant makes charges of the public who patronize said parking lot. ’ ’ Thereafter the parties entered into a stipulation containing the pertinent facts which follow: The petitioner purchased the Washington Avenue property on November 19, 1957, from Baroga Corporation. Prior to the sale the property had been leased by Baroga Corporation to Eastern States Properties Corporation for parking lot purposes. About a month prior to the purchase of the property by the petitioner the lessee advised Baroga that it was canceling its lease and would vacate the premises on December 31, 1957. Cancellation was permissible under the lease between the two private corporations. Four days before acquisition of the property by petitioner the lessee of the parking lot offered to continue its lease at a reduced monthly rental. The petitioner accepted this *749 modification and the lessee continued the operation of its parking lot until March 31, 1959, a period of approximately 16 months after acquisition by the petitioner. On January 16, 1959, the petitioner by written notice to the lessee advised that it expected to commence construction about April 1, 1959, and terminated the lease as of the last day of March, 1959.
It appears that the petitioner did not lose its tax exemption by obtaining revenue from the property during the period necessarily antecedent to construction (cf. Bush Term. Co. v. City of New York, 282 N. Y. 306). It was the duty of the petitioner to produce as much revenue as possible and the temporary lease of the premises as a parldng lot was merely an incident to the statutorily permitted purpose of acquisition of real property for the erection of an office building. The leasing, which required no expenditure of funds and in no way altered the condition of the premises, was an incident to the exercise of the general power conferred by the Legislature to acquire and build on the property. It would appear, however, that the right to salvage income from this property did not extend beyond the time reasonably necessary for the preparation of plans and for doing whatever was reasonably required prior to commencement of construction. The parties as previously stated have stipulated that the property was leased for a parking lot for a period in excess of 16 months from the closing of title.
The parties also have entered into the following further stipulation:
‘ ‘ It is hereby further stipulated by and between the parties hereto that the records of the New York State Teachers Retirement System show the following:
“ 1. October 10,1957 — The New York State Teachers Retirement Board at a meeting held on this date adopted a resolution authorizing the purchase of the property located at 143 Washington Avenue in the City of Albany at a price not to exceed $125,000, and authorized the employment of an architect to design a building to be erected thereon.
“2. November 8, 1957 — On this date a preliminary report was received from the title company from which title insurance upon the premises was obtained.
“3. November 19, 1957 — On this date the New York State Teachers Retirement System took title to the premises located at 143 Washington Avenue in the City of Albany.
“ 4. April 17, 1958 — Contract with Donald J. Stephens, architect, was approved by the New York State Teachers Retirement Board,
*750 ‘ ‘ 5. April 22, 1958 — Contracts with Mr. Stephens were executed, and plans and specifications for the new building were commenced.
“ 6. May 22, 1958 — Conference was held with authorities of the University Club in the City of Albany concerning party wall and location of line between lands of said University Club and the New York State Teachers Retirement System.
“ 7. June 5, 1958 — Architect submitted preliminary prospective drawings and submitted information concerning lot lines, removal of trees, fences, etc.
“8. September 3, 1958 — The New York State Teachers Retirement System decided that office building would be built to standards comparable to those set by the State of New York.
‘ ‘ 9. September 10, 1958 — Soil testing was commenced on premises at 143 Washington Avenue in the City of Albany by Hall & Company of Delmar, New York, based upon maps and information prepared by Mr. Stephens, the architect.
“ 10. October 30, 1958 — Mr. Stephens, the architect, advised that bids for the construction of an office building would be taken in February of 1959, work could be started in April 1959 and the expected completion date would be July or August 1960.
“11. January 3, 1959 — Mr. Stephens, the architect, advised that plans for structural, plumbing, heating, ventilating and air conditioning systems had been determined and designed.
“ 12. January 14, 1959 — New York State Teachers Retirement Board approved drawings and specifications submitted by Mr. Stephens, the architect, and on this date authorized the Chairman of the Finance Committee and the Executive Secretary to approve working plans and specifications and detailed drawings.
“13. January 16, 1959 — The lease with Publix Parking System was terminated, effective March 31, 1959.
“14. March 24, 1959 — Bids for construction of office building to be located at 143 Washington Avenue were opened.
“15. April 24, 1959 — New York State Teachers Retirement Board adopted a resolution authorizing the execution of contracts for construction of office building to be located at 143 Washington' Avenue in the City of Albany; authorized the execution of a deed and agreement which adjusted the property line between the New York State Teachers Retirement System lands at 143 Washington Avenue and lands of the University Club in the City of Albany and provided for easements and other rights and privileges in connection therewith.
“ 16. May 7, 1959 — Construction of building located at 143 Washington Avenue in the City of Albany commenced.”
*751 From the facts therein contained I find and conclude that the petitioner proceeded with reasonable expedition, that the period of leasing was reasonable in duration and that the leasing hence was not ultra vires. Even if the lease were ultra vires, it may be questioned seriously that mere temporary and incidental use of the character mentioned deprived the petitioner of tax exemption.
The petition is granted. Submit order on notice.